MISSOURI VALLEY CONSTRUCTION CO., A CORPORATION,
APPELLEE, V. COUNTY OF DOUGLAS, APPELLANT.

72 N. W. 2d 425

Filed October 7, 1955.    No. 33696.

*Eugene F. Fitzgerald* and *August Ross,* for appellant.

*Fraser, Connolly, Crofoot & Wenstrand,* for appellee.

*Kennedy, Holland, DeLacy & Svoboda, Robert K. Adams, Edward A. Mullery,* and *Robert L. Berry,* Amici Curiae.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

The County of Douglas has appealed to this court from an order of the district court for Douglas County authorizing the Missouri Valley Construction Company, a Nebraska corporation, to deduct from the value of its intangible class "B" personal property for the year 1953 $435,149 of United States government obligations, which it owned on March 10, 1953, in order to determine the value of its shares of stock for taxation purposes.

Appellee is a corporation organized under the laws of this state. In April 1953 it filed a tax return for the year 1953 with the county assessor of that county, Douglas County being the county where its principal office and place of business was then located. See § 77-705, R. R. S. 1943. In computing the value of its shares of stock for assessment and taxation purposes the appellees deducted from its intangible class "B" personal property obligations of the United States which it owned on March

10, 1953, in the amount of $435,149. On May 16, 1953, the county assessor of Douglas County notified appellee that he had raised its class "B" personal property, which had been returned at $4,950 to $436,480. The raise was brought about by including the $435,149 of government obligations which the company had deducted. In the same notice the assessor advised the company that his action was subject to review by the board of equalization at its meetings in the courthouse beginning on May 18, 1953. Appellee, upon receiving the notice, filed a complaint with the board of equalization protesting the county assessor's action of including these government obligations, together with its reasons for doing so, and asking that the assessor's action be corrected. This complaint, which was filed June 8, 1953, the board of equalization dismissed on June 12, 1953, thus affirming the action of the county assessor. Appellee took an appeal from the board of equalization's action to the district court for Douglas County with the result hereinbefore set forth.

All issues herein raised, and necessary for a determination of this appeal, have been fully discussed and determined in Peter Kiewit Sons' Co. v. County of Douglas, *ante* p. 93, 72 N. W. 2d 415. In view of our holding therein the action of the district court is affirmed.

AFFIRMED.